UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>            Plaintiff,<br><br>    vs.<br><br>AUDREY KING, et al.,<br><br>            Defendants. | 1:13-cv-01742-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 1.)<br><br>ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF FOR LACK OF JURISDICTION, WITHOUT PREJUDICE<br>(Docs. 9, 12, 13.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I.      BACKGROUND**

Plaintiff Rebio Ronnie Townsend ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed the Complaint commencing this case on October 18, 2013.  (Doc. 1.)

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On December 26, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 14.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the court for screening. Also pending are Plaintiff's three motions for preliminary injunctive relief, one filed on November 20, 2013 and two filed on December 26, 2013. (Docs. 9, 12, 13.)

## II.   SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

///

## III. SUMMARY OF COMPLAINT

Plaintiff is a civil detainee presently housed at Coalinga State Hospital (CSH) under the Welfare & Institutions Code § 6600 et seq., known as the Sexually Violent Predator (SVP) Act. Plaintiff names fourteen defendants: Audrey King (Executive Director), Simarjit Gill (Staff Psychiatrist), Amar Chawla (Supervising Psychiatrist), Tirath Gill, M.D. (Chief Psychiatrist), Noubusisi Obioha (Psychiatric Technician), Jauquine Pachaeco, Mike Rivera, Dr. Emmanuel, Jennifer Garcia, Christina Garcia, Sara Ford, Wendy Wang, Mobah Keys, and Francisco Escamilla. Plaintiff's factual allegations follow.

Plaintiff brings this case is against Audrey King, Executive Director of CSH, and her treatment staff-member subordinates who work on Unit #22 (Shasta) where Plaintiff lives. Plaintiff wishes to stop taking a certain powerful medication given to him by three psychiatrists at the hospital. Plaintiff has expressed these wishes, but the psychiatrists refuse to comply. Ten milligrams of the drug is used by them to force Plaintiff to sleep.

Plaintiff is being forced to take ten medications against his will. He chooses not to be sedated and believes the ten medications are unnecessary. Plaintiff has been court-ordered to ingest medications, and if he refuses any of it, defendants can and will place him in leather restraints and throw him into a seclusion room, strap him to a bed, and inject him with medications that knock him out for over three days. They also take Plaintiff's bedding, subjecting him to cold air conditioning, and confiscate his personal belongings. Plaintiff has been thrown into a seclusion room twice and injected in the left him and left shoulder, while being constantly harassed. The three psychiatrists work together, although one of them, Dr. Simarjit Gill, is Plaintiff's treating physician.

The fourteen named defendants all verbally harass Plaintiff. Every day, when Plaintiff attempts to stay away from them and remain in his room, they find a reason to bother him. When Plaintiff verbally responds against them, they force him to report to the med room window and take a sedative. If Plaintiff refuses, they strap him to a bed and give him a painful injection. These fourteen defendants are dangerous and out of control, and the harassment against Plaintiff is unwarranted.

The treatment staff makes rude, bullying comments to the patients all day long, trying to force a physical or verbal confrontation. They also falsify documents. On October 8, 2013, defendant Sara Ford acted ignorantly and needlessly, curbing Plaintiff's rights to move freely around the hospital.

Plaintiff requests monetary damages and injunctive relief, including his immediate release.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Local governing bodies (and local officials sued in their official capacities) can be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy. Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). In addition, local governments, like every other § 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through the government's official decision-making channels. Id.

### A. Rule 8(a)

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). As discussed above at ¶II, under federal notice pleading a complaint is

required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkeiwicz, 534 U.S. at 512. "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, Inc., 572 F.3d at 681 (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Here, Plaintiff's allegations do not contain sufficient facts to state any cognizable claims. Plaintiff must allege facts demonstrating the defendants were personally involved in the deprivation of a federally protected right, see Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988), and must allege a sufficient causal connection between the Defendants' conduct and the constitutional violation, see Henry A. v. Willden, 678 F.3d 991, 1003–04 (9th Cir.2012). Plaintiff must allege facts showing what each individual named defendant did to cause Plaintiff's constitutional rights to be violated. Plaintiff is encouraged to discuss dates, places, names, and specific personal conduct by each defendant. Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies in his claims.

In the paragraphs that follow, the court shall set forth legal standards that appear to apply to Plaintiff's allegations and claims. Plaintiff should review these standards before amending his Complaint.

### B. Supervisory Liability

Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567

F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

### C.   Conditions of Confinement

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

The Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979), within the bounds of professional discretion, Youngberg, 457 U.S. at 321-22. Moreover, "due process requires that the conditions and duration of confinement [for civilly confined SVPs] bear some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. at 250, 265 (2001); see also Jones, 393 F.3d at 931. While the nature of an SVP's confinement may factor in this balance of what is reasonable, it is clearly established that the substantive due process protections of the Fourteenth Amendment apply to SVPs. See Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir.2001) (applying the Fourteenth Amendment's "objective reasonableness" standard to excessive force claims brought by civilly committed SVPs). Treatment is presumptively punitive when a civil detainee is confined in conditions

identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Jones at 932-33.

### D. Forced Medication

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. Washington v. Harper, 494 U.S. 210, 221–22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). For those inmates convicted of, or awaiting trial, for example, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." United States v. Loughner, 672 F.3d 731, 745 (9th Cir.2012) (quoting Harper, 494 U.S. at 222). To comport with due process, the government must show both the need for, and medical appropriateness of, antipsychotic medication. Riggins v. Nevada, 504 U.S. 127, 135, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992). However, here Plaintiff is neither a convicted inmate nor a pretrial detainee. Thus, it is not clearly established that the above laws apply to a patient who is civilly committed because of mental infirmities. See Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), overruled on other grounds by Hunter v. Hydrick, 556 U.S. 1256, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009). At least one court has concluded that the standards discussed in Harper strike the appropriate balance for civilly committed patients, such as Plaintiff. See Jurasek v. Utah State Hosp., 158 F.3d 506, 511 (10th Cir. 1998). Specifically, the Court held that "the Due Process Clause allows a state hospital to forcibly medicate a mentally ill patient who has been found incompetent to make medical decisions if the patient is dangerous to himself or others and the treatment is in the patient's medical interests." Id. To the extent that involuntary medication is court-ordered, Plaintiff's remedy may be to challenge the order in the court where it was issued.

### E. Confiscation of Personal Property

Civil detainees have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Where the state authorizes the deprivation of property by a policy or procedure, it is actionable under the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982); Hudson v. Palmer, 468 U.S. 517, 532 (1984). However,

deprivation of property caused by a negligent or random, unauthorized act of a state employee does not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Id. at 533; see Parratt v. Taylor, 451 U.S. 527 (1981).

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2014). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

### F. Falsification of Documents

Plaintiff alleges that defendants falsified documents. To the extent that defendants' actions resulted in disciplinary action against Plaintiff, Plaintiff may be able to state a cause of action for deprivation of procedural due process. To do so, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In addition to establishing a liberty interest, Plaintiff must also establish that he was not provided all of the process he was entitled to under federal law.

///

///

///

### G. Excessive Force Claim

The Due Process Clause of the Fourteenth Amendment protects Plaintiff "from the use of excessive force that amounts to punishment," Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citation omitted), while the Fourth Amendment sets the applicable constitutional limitations for considering such claims, id. (internal quotations and citation omitted). Claims are analyzed under the objective reasonableness standard, which requires an evaluation of "'whether officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir.2003) (quoting Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

### H. Verbal Harassment

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### I. Fourth Amendment

The Fourth Amendment prohibits unreasonable searches and seizures. Bell, 441 U.S. at 558; Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir.2011), cert. denied, 131 S.Ct. 2964, 180 L.Ed.2d 246 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson, 468 U.S. at 525; Bell, 441 U.S. at 556–57.

While Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, Youngberg, 457 U.S. at 322 (quotation marks omitted), but maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests, Jones, 393 F.3d at

932 (quotation marks omitted). The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear.[2]

## V. MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or

---

[2] Some courts have "concluded that no Fourth Amendment claim lies because civil detainees do not have a reasonable expectation of privacy in their rooms." Griego v. Allenby, No. 1:11–cv–01676, 2012 WL 4670803 at *3, citing Rainwater v. Bell, No. 2:10–cv–1727 GGH P, 2012 WL 3276966, at * 11 (E.D. Cal. Aug.9, 2012) (civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10–3759 (PJS/JJG), 10–4236 (PJS/JJG), 2011 WL 3293523 at * 6 (D. Minn. June 6, 2011) (search of a civil detainee's personal items in his cell did not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); Banda v. Corzine, No. 07–4508(WJM), 2007 WL 3243917, at * 7–8 (D.N.J. Nov.1, 2007) (civil detainee unable to state Fourth Amendment claim as his expectation of privacy yielded to legitimate governmental interest in keeping facility free of controlled substances); Riley v. Doyle, No. 06–C–574–C, 2006 WL 294743, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee cannot state Fourth Amendment claim for repeated contraband searches of cell); compare Stearns v. Stoddard, No. C11–5422–BHS–JRC, 2012 WL 1596965, at * 3 (W.D. Wash. Apr.11, 2012) (open question whether civil detainee housed in a secure facility has any expectation of privacy in his cell), report and recommendation adopted in full, 2012 WL 1597305 (W.D. Wash. May 7, 2012.).

controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has filed motions to discontinue court-ordered psychiatric medication, to stop the psychiatrist from libelous conduct and dismiss him from his duties, and to cease harassment of Plaintiff by one of the defendants. (Docs. 9, 12, 13.) In light of the fact that the present order shall dismiss Plaintiff's Complaint for failure to state a claim, with leave to file an Amended Complaint which will supercede the Complaint, the court does not have before it an actual case or controversy at this juncture, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Accordingly, Plaintiff's motions for preliminary injunctive relief shall be denied for lack of jurisdiction, without prejudice to renewal of the motions at a later stage of the proceedings.

## VI.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

11

plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should name each defendant and explain how each named defendant personally acted, or failed to act, resulting in a violation of Plaintiff's constitutional rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding unrelated issues arising after the initiation of this suit on October 18, 2013.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on October 18, 2013, is DISMISSED for failure to state a claim, with leave to amend;
2. Plaintiff's motions for preliminary injunctive relief, filed on November 20, 2013 and December 26, 2013, are DENIED for lack of jurisdiction, without prejudice;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
5. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:13-cv-01742-GSA-PC; and

///

///

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 17, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE