UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>          Plaintiff,<br><br>     vs.<br><br>AUDREY KING, et al.,<br><br>          Defendants. | 1:13-cv-01742-GSA-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITHOUT PREJUDICE TO BRINGING AN ACTION IN STATE COURT<br>(Doc. 16.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.   BACKGROUND**

Plaintiff Rebio Ronnie Townsend ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed the Complaint commencing this case on October 18, 2013.  (Doc. 1.)

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On November 14, 2013 and December 26, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Docs. 7, 14.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on March 17, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 15.) On April 9, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 16.)

## II.   SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is a civil detainee presently housed at Coalinga State Hospital (CSH) under the Welfare & Institutions Code § 6600 et seq., known as the Sexually Violent Predator (SVP) Act. Plaintiff names as defendants Dr. Saowarut Kittimongcolporn (Staff Psychiatrist), Simarjit S. Gill, and Dr. Joyce Brown. Plaintiff's factual allegations follow.

On January 13, 2013, Dr. Joyce Brown appeared in Fresno County Superior Court, swore an oath to tell the truth, took the stand, and proceeded to perjure herself by testifying that Plaintiff needs psychiatric medication for a severe mental illness he does not have and never had. She stated that Plaintiff threatened to kill a doctor, and shoved a man and stepped in front of him in the line in the dining room. Dr. Kitty got involved after the Judge said Plaintiff wasn't a danger to himself or to others any longer, but ordered that he remain on psychiatric medication that he has been forced to take against his will for the last ten years, since 2005, for no good reason. Plaintiff is taking six tablets. They say Plaintiff has a severe mental disorder, but they don't describe what he's doing. The reason for this is they are all lying. Dr. Kitty decided to raise the level of medication. The lie about Plaintiff's mental illness should no longer be allowed to continue.

Plaintiff requests only injunctive relief, via a court order requiring the hospital to stop forcing him to take psychiatric medication.

### IV. PLAINTIFF'S FORCED MEDICATION CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

///

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

The Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979), within the bounds of professional discretion, Youngberg, 457 U.S. at 321-22. Moreover, "due process requires that the conditions and duration of confinement [for civilly confined SVPs] bear some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. at 250, 265 (2001); see also Jones, 393 F.3d at 931. While the nature of an SVP's confinement may factor in this balance of what is reasonable, it is clearly established that the substantive due process protections of the Fourteenth Amendment apply to SVPs. See Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir.2001) (applying the Fourteenth Amendment's "objective reasonableness" standard to excessive force claims brought by civilly committed SVPs). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Jones at 932-33.

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. Washington v. Harper, 494 U.S. 210, 221–22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). For those inmates convicted of, or awaiting trial, for example, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's

confinement." United States v. Loughner, 672 F.3d 731, 745 (9th Cir.2012) (quoting Harper, 494 U.S. at 222). To comport with due process, the government must show both the need for, and medical appropriateness of, antipsychotic medication. Riggins v. Nevada, 504 U.S. 127, 135, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992). However, here Plaintiff is neither a convicted inmate nor a pretrial detainee. Thus, it is not clearly established that the above laws apply to a patient who is civilly committed because of mental infirmities. See Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), overruled on other grounds by Hunter v. Hydrick, 556 U.S. 1256, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009). At least one court has concluded that the standards discussed in Harper strike the appropriate balance for civilly committed patients, such as Plaintiff. See Jurasek v. Utah State Hosp., 158 F.3d 506, 511 (10th Cir. 1998). Specifically, the Court held that "the Due Process Clause allows a state hospital to forcibly medicate a mentally ill patient who has been found incompetent to make medical decisions if the patient is dangerous to himself or others and the treatment is in the patient's medical interests." Id. To the extent that involuntary medication is court-ordered, Plaintiff's remedy may be to challenge the order in the court where it was issued.

Here, Plaintiff claims that he does not have, and never had, a mental illness, and that Dr. Brown perjured herself before the Fresno County Superior Court when she testified that Plaintiff threatened to kill a doctor, shoved someone in the dining room line, and has a severe mental illness for which he needs medication. Plaintiff alleges that the Judge of the Fresno County Superior Court ordered that Plaintiff remain on psychiatric medication he has been taking since 2005.

Plaintiff acknowledges that his involuntary medication was court-ordered by the Fresno County Superior Court. For this reason, this court finds that Plaintiff's remedy is to challenge the order in the Fresno County Superior Court, not to proceed with a complaint in the district court. Therefore, this case shall be dismissed for failure to state a claim upon which relief may be granted under § 1983, without prejudice to bringing an action in state court.

///

///

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED for failure to state a claim upon which relief may be granted under § 1983, without prejudice to bringing an action in state court;
2. All pending motions are DENIED as moot;
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
4. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE